Brewster, J.
This is an appeal by the employer alone from a decision and award of double compensation made by the former Industrial Board to claimant, a minor, seventeen years old, upon the ground that his employment was in violation of law in that no employment certificate had been procured therefor.
The award was made upon the basis of a violation of subdivision 1 of section 131 of the Labor Law. This forbids the employment of one between sixteen and eighteen years of age, except as otherwise provided, “ in or in connection with or for any factory, establishment, trade, business or occupation ” specified in section 130 of the same statute. The latter section contains 2 subdivisions, the first of which definitely specifies certain named kinds and places' of employment. But the next and second subdivision forbids employment of one under sixteen, “ in or in connection with or for any other trade, business or service. ’ ’
Claimant was seventeen years of age when injured and the undisputed evidence is that he was employed as a general farm laborer, and at the time of his injury was working potting plants in one of appellant’s greenhouses which it maintained as an incident of and in connection with its general business of the use and cultivation of some 2,600 acres of land for the propagation and growth of roses, shrubs, and other horticultural and floricultural products, which products were raised and marketed for sale.
It is thus apparent that the business of appellant in which claimant was employed was not one of those definitely specified in subdivision 1 of section 131 of the Labor Law. But the board has placed its decision of work violation upon the ground that claimant’s employment was included in the general prohibition as to the employment of a child under sixteen as contained in subdivision 2 of said section 130, because of the fact that the prohibition as to one between sixteen and eighteen contained in subdivision 1 of section 131, in addition to the specifications therein stated, refers also generally to occupations specified in said section 130. We cannot agree with such a construction which would ignore the distinction made between the *121 stated age classes. The prohibition contained in section 131 is confined to factories, establishments, trades, businesses, or occupations which are specified in section 130. The only specifications of employment there to be found are those contained in its first subdivision wherein among the many there recorded we find nothing whatever which may be said to include the kind or nature of business or endeavor wherein appellant was engaged and in which it employed the claimant. It was an overstrained construction then to look for the specifications referred to in subdivision 1, section 131, to the second subdivision of section 130 because the latter contains no specifications, but is concerned only with the general and absolute prohibition of employment as to one under sixteen in “ any other trade, business or service.” Respondent’s further argument that claimant’s work in potting plants and carrying same from one greenhouse to another constituted “ distribution or transmission of merchandise, articles or messages,” as specified in subdivision 1 of section 130, seems, in view of the evidence as to the nature of claimant’s work, to be a construction far beyond the manifest legislative intent.
As a technical matter it may be that we may not take into account as evidence the kind and nature of appellant’s business as disclosed in the unemployment insurance case in which it was involved and as reported in Matter of Bronxville Nurseries, Inc. (258 App. Div. 1019), since the record in that case was ■not introduced in, evidence. However, appellant seems to rely upon what was there reported as a further description of the nature of its business and respondent replies to such reference only by pointing out the difference of the issue. But, however, that may be, 1 think enough appears from undisputed evidence in the case to establish that claimant’s business, viewed in its entirety, came within the broad definition of farming and that its employment of claimant constituted his engagement as being work on a farm. Since the Labor Law in providing the exemption from work violation, uses the general and unrestricted phrase of “ work on a farm ” (Labor Law, § 131, subd. 3), we may not restrict or confine its meaning away from the broadness of that definition. Broadly stated, farming, or the verb to farm, includes and means the act of devoting land to the processes of agriculture, and in its broad sense the noun agriculture includes horticulture, floriculture, etc. Within the broadness of the exemption stated it seems to me that the undisputed evidence, even as little as there is shown in the record which discloses the nature of the appellant’s business, *122 constitutes it farming. It has 2,600 acres under cultivation in its business of raising plant material, plants and shrubs, and in connection therewith and as an incident thereto it maintains and uses greenhouses for propagation purposes and, as is stated, “ for the same purpose a farmer would run his hot beds.” Thus it is manifest that the appellant’s business in which it employed claimant is that of cultivating a large tract of land, using portions of it for general farm purposes but with the main objective of raising and selling crops consisting of plants and shrubs which it produces by the pursuit of agriculture.
The decisions appealed from should be reversed, and the award of doubled compensation annulled, with costs to appellant against the respondent Workmen’s Compensation Board.